UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIA DIXON, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:25-cv-11326-IT |
| | * |
| YUNPING WANG & NING JIANG, | * |
| | * |
| Defendants. | * |

MEMORANDUM & ORDER

February 11, 2026

TALWANI, D.J.

Plaintiff Julia Dixon brought this action[1] for breach of contract against Defendants Yunping Wang[2] and Ning Jiang. Pending before the court are Defendant Jiang's Motion to Dismiss [Doc. No. 9] this action pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5) and Motion for Protective Order Pursuant to Federal Rule of Civil Procedure 26(c) [Doc. No. 10],[3] and Plaintiff's Motion to File Default Against Defendants [Doc. No. 7], Motion to Remain Default [Doc. No. 13], Motion for Miscellaneous Relief [Doc. No. 14], and Motion to Provide Evidence Defendants Have Malicious Intent [Doc. No. 15]. For the reasons set forth

---

[1] Plaintiff titled her initial pleading a "Petition for writ of certiorari," with the handwritten notation "appeal to federal court." Compl. ECF 1 [Doc. No. 1]. This court does not have jurisdiction over an appeal of a state court decision. Where Plaintiff's filing does not otherwise indicate it is meant to be an appeal and Plaintiff is proceeding *pro se*, the court treats Plaintiff's pleading as a complaint.

[2] Plaintiff identifies the first Defendant as "Wang Yunping." See, e.g., Petition for Writ of Certiorari 1 ("Complaint") [Doc. No. 1]. In her Motion to Dismiss [Doc. No. 9], Defendant Ning Jiang lists her co-Defendant's name as "Yunping Wang." See Mot. to Dismiss 1 [Doc. No. 9]. The court adopts the order as reflected in Defendant Jiang's motion.

[3] Defendant Jiang, who is also proceeding *pro se*, asserts that the motions are filed on behalf of both Defendants. Mot. to Dismiss 1 [Doc. No. 9]. A party proceeding *pro se* may not represent another party. See Local Rule 83.5.5(a).

below, Defendant Jiang's <u>Motion to Dismiss</u> [Doc. No. 9] is GRANTED as to Defendant Jiang and her <u>Motion for Protective Order Pursuant to Federal Rule of Civil Procedure 26(c)</u> [Doc. No. 10] is DENIED as moot; Plaintiff's motions [Doc. Nos. 7, 13–15], are DENIED; and Plaintiff shall show cause as to why the court should not dismiss the action as to Defendant Yunping Wang for lack of personal jurisdiction.

### I.     Defendant Jiang's Motions

Defendant Jiang contends that "Plaintiff attempted service by mailing documents via [United States Postal Service ("USPS")] Priority Mail to Defendants' former addresses in Portland, Oregon, where neither Defendant currently resides." Mot. to Dismiss 1 [Doc. No. 9]. Defendant Jiang notes that she "learned of this lawsuit only when Plaintiff sent an email notification (not the actual summons)" to Defendants. <u>Id.</u>

The court finds that Plaintiff has failed to show proper service. Under Rule 4(e) of the Federal Rules of Civil Procedure, service of process on an individual within a judicial district of the United States may be effectuated by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). Alternatively, service is permissible if authorized by Massachusetts law, where this court is located, or by the law of the state where service is made, in this case Oregon. Fed. R. Civ. P. 4(1).

In certain instances, Massachusetts rules permit service of process outside of the Commonwealth of Massachusetts "by any form of mail addressed to the person to be served and requiring a signed receipt." Mass. R. Civ. P. 4(e).

Under Oregon law, service by mail is a presumptively valid means of service "[o]n an individual defendant or other person authorized to receive service," ORCP 7 D(3)(a)(i), who is not a minor and is not incapacitated where it is made "by mailing true copies of the summons and the complaint to the defendant by first class mail and by any of the following: certified, registered, or express mail with return receipt requested[,]" ORCP 7 D(2)(d)(i); id. 7 D(3)(a)(ii); id. 7 D (3)(a)(iii). Service by mail is presumptively valid on individuals only where "the defendant or other person authorized to receive service signs a receipt for the certified, registered, or express mailing[.]" ORCP 7 D(3)(a)(i).

Here, Plaintiff states that she emailed the summons, delivered it by priority mail through the post office, and delivered it by certified mail through the post office. See Summons Returned Executed ECF 1 ("Proof of Service") [Doc. No. 6]. Service of a summons by email is not authorized under the applicable rules.[4] As to delivery by mail, Defendant Jiang contends that she no longer resides at the address where the summons was sent and therefore did not receive the summons and complaint. Mot. to Dismiss 1 [Doc. No. 9]. Plaintiff, meanwhile, has made no showing that the address to which she sent the summons and complaint was Defendant Jiang's address at the time of service. Where Plaintiff has failed to establish that Defendant Jiang was served by mail, service was not proper under Massachusetts or Oregon law.

Relatedly, Plaintiff has not presented adequate proof of service. Plaintiff has attached to her putative proof of service three USPS tracking printouts. See Proof of Service ECF 2–4 [Doc. No. 6]. The first indicates that an item was delivered by certified mail to an individual at an

---

[4] Oregon law allows for service of summons by e-mail in certain limited instances. See ORCP 7 D(6), 7 D(6)(b). Plaintiff, however, has not filed the requisite motion seeking approval to use this means of alternative service, as required by Oregon's rules. ORCP 7 D(6).

address in Portland, Oregon on June 3, 2025. Id. at ECF 2. The second and third indicate that an item was delivered to an address in Portland, Oregon on May 16 and 17, 2025, and left "In/At Mailbox." Id. at ECF 3–4. Plaintiff has additionally submitted a USPS receipt indicating that she sent mail to Portland, Oregon, through priority mail. See Proof of Service Attachment 1 [Doc. No. 6-1].

Plaintiff has provided no evidence that a signed return receipt was obtained from Defendant Jiang, as is required for service by mail under Massachusetts law. See Mass. R. Civ. P. 4(e). Similarly, Plaintiff has not shown that service by mail was presumptively valid under Oregon law, as Plaintiff has given no indication that "the defendant or other person authorized to receive service sign[ed] a receipt for the certified, registered, or express mailing[.]" ORCP 7 D(3)(a)(i). Plaintiff has failed to show proper service in accordance with the Massachusetts or Oregon law.

Defendant Jiang also moves to dismiss for lack of personal jurisdiction. The exercise of personal jurisdiction over a defendant must be authorized by a state's long-arm statute and consistent with the due process requirements of the United States Constitution. Nowak v. Tak How Inv., Ltd., 94 F.3d 708, 712 (1st Cir. 1996); see also Barrett v. Lombardi, 239 F.3d 23, 26 (1st Cir. 2001). The due process inquiry requires that there be "minimum contacts" between the defendant and the forum state. Sawtelle v. Farrell, 70 F.3d 1381, 1388 (1st Cir. 1995) (quoting Int'l Shoe Co. v. State of Wash., 326 U.S. 310, 316 (1945)). Thus, a court may exercise general jurisdiction over "a defendant who has maintained a continuous and systematic linkage with the forum state," and may exercise specific jurisdiction over a cause of action that "relates sufficiently to, or arises from," the defendant's forum-state contacts. Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999).

Here, according to Plaintiff, Defendant Jiang has lived in Oregon since 2016. Compl. Attachment 2, at ECF 1 [Doc. No. 1-4]. Plaintiff has not alleged that Defendant Jiang has maintained any minimum contacts with Massachusetts, nor has Plaintiff alleged that the cause of action relates sufficiently to Defendant Jiang's forum-state contacts. Therefore, the Due Process Clause requirements for personal jurisdiction have not been met.

Accordingly, where Plaintiff did not properly serve Defendant Jiang and where the court lacks personal jurisdiction over Plaintiff's claims against Defendant Jiang, Defendant Jiang's Motion to Dismiss [Doc. No. 9] is GRANTED as to Defendant Jiang. Defendant Jiang's Motion for Protective Order [Doc. No. 10] is DENIED as moot.

## II.     Plaintiff's Motions

Plaintiff's Motion to File Default [Doc. No. 7] and Motion to Remain Default [Doc. No. 13] seeks entry of default as to both Defendants. For the reasons set forth above, both motions must be denied as to Defendant Jiang.

Plaintiff's Motion to File Default [Doc. No. 7] and Motion to Remain Default [Doc. No. 13] must also be denied as to Defendant Wang where Plaintiff has not presented adequate proof of service as to Wang.

Plaintiff's Motion for Miscellaneous Relief [Doc. No. 14], and Motion to Provide Evidence Defendants Have Malicious Intent [Doc. No. 15] are denied as moot as to Defendant Jiang, where Defendant Jiang is dismissed as a Defendant, and denied as premature as to Defendant Wang, who has not yet been properly served.

## III.    Order to Show Cause

Where Plaintiff alleges that Defendant Wang has lived in Oregon since 2018, see Compl. ECF 4 [Doc. No. 1], Plaintiff shall, no later than February 24, 2026, show cause as to why this court has personal jurisdiction over her claims against Defendant Wang.

5

### IV.     Conclusion

For the foregoing reasons, Defendant Jiang's Motion to Dismiss [Doc. No. 9] is GRANTED as to Defendant Jiang and her Motion for Protective Order Pursuant to Federal Rule of Civil Procedure 26(c) [Doc. No. 10] is DENIED as moot.

Plaintiff's Motion to File Default Against Defendants [Doc. No. 7] and Motion to Remain Default [Doc. No. 13] are DENIED as to both Defendants where Plaintiff did not present adequate proof of service for either Defendant.

Plaintiff's Motion for Miscellaneous Relief [Doc. No. 14] and Motion to Provide Evidence Defendants Have Malicious Intent [Doc. No. 15] are DENIED as MOOT as to Defendant Jiang and as premature as to Defendant Wang.

Where Plaintiff alleges that Defendant Wang has lived in Oregon since 2018, see Compl. ECF 4 [Doc. No. 1], Plaintiff shall, no later than February 25, 2026, show cause as to why this court has personal jurisdiction over her claims against Defendant Wang. Absent a sufficient showing, the court anticipates dismissing the action as to Defendant Wang for lack of personal jurisdiction.

IT IS SO ORDERED.

February 11, 2026                     /s/ Indira Talwani
                                      United States District Judge